UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK ROY HARPER,

Plaintiff,

v.

U.S. F/V MARIAN, *et al.*,

Defendants.

Case No. 2:26-cv-3422-DC-JDP (PS)

ORDER TO SHOW CAUSE

Plaintiff Patrick Roy Harper, proceeding pro se, initiated this admiralty in rem action. ECF No. 1. In addition, he moves for an order directing the United States Marshal to serve a summons and a warrant for the arrest of the vessel. ECF No. 2. The complaint, however, is deficient under the Supplemental Admiralty Rules. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed for lack of jurisdiction.

Federal courts may have subject matter jurisdiction pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. However, Supplemental Admiralty Rule C(3)(a)(i) provides that the "court must review the complaint and any supporting papers" to determine if "the conditions for an in rem action appear to exist." A complaint for an *in rem* action maritime claim must: (1) be verified; (2) describe the property that is the subject of the action with reasonable particularity; and (3) "state that the property is within the district or will be within the district

while the action is pending." Fed. R. Civ. P. Supp. Adm. Rule C(2); *see also Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) ("To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'"). Once a plaintiff makes such a showing, the district court "must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P. Supp. Adm. Rule C(3)(a)(i)); *see also Bowker v. M/V Tatú*, No. 18-cv-1986-WQH (WVG), 2018 WL 6252525, at *1 (S.D. Cal. Aug. 29, 2018).

The complaint fails to "state that the property is within the district or will be within the district while the action is pending." *See* Fed. R. Civ. P. Supp. Adm. R. C(2)(c). Specifically, plaintiff does not describe in the complaint or in the attached exhibits where the vessel is located. *See Geoserve Energy Transport DMCC v. M/V 07 Vegas*, No. 3:24-cv-2148-RSH-SBC, 2024 WL 4820786, at *2 (S.D. Cal. Nov. 18, 2024) ("Plaintiff's supplemental declaration states the Defendant Vessel is located in the Port of San Diego currently berthed at Tenth Avenue Pier in San Diego, California at Berth 10-4."). Accordingly, to make the necessary prima facie showing for a vessel arrest, plaintiff must, within fourteen days, unambiguously and plausibly assert the location of the vessel. Failure to comply with this order will result in a recommendation that this action be dismissed.

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE for why this action should not be dismissed. Plaintiff must, within fourteen days, unambiguously and plausibly assert the location of the vessel. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE